RUTLAND,
*February*,
1841.

## THOMAS PAIGE *v.* BENJAMIN SMITH.

In trespass for assault and battery, if the defendant pleads not guilty, and accompanies the plea with a written notice of special matter, which, in substance, is equivalent to the plea of *son assault demesne*, if the evidence on the trial is sufficient to sustain such plea, the defendant is entitled to a verdict, although the plaintiff may, in the first instance, have made out his cause of action.

If the notice is defective, in some points, and the evidence introduced by the defendant, on the trial, supplies those defects, and no objection is made by the plaintiff, either to the notice or the evidence, until after a verdict has passed for the defendant, it is then too late to object to the notice for its insufficiency.

TRESPASS, for an assault and battery, committed upon the plaintiff by the defendant, on the 7th day of November, 1837.

Plea. Not guilty, with notice, that, on the trial of the issue, the defendant would give in evidence and rely upon the following special matter, viz : 'that, some time previous 'to the assault complained of in the plaintiff's declaration, 'the plaintiff had made frequent and violent threats to the de-'fendant, that he would way-lay the defendant, beat, flog, and 'whip him, and that he would hire some negro to whip him ; 'that on the same day of the assault complained of, by the 'plaintiff, he, the plaintiff, was complained of in behalf of the 'state, tried, convicted, and fined, for a breach of the peace, 'in assaulting the defendant ; that, on the evening of the 'same day, this defendant, having occasion to go to West 'Rutland, and fearing an attack from the plaintiff, laid a 'stick of moderate size in the bottom of his wagon, 'which he threw away on his return, after having crossed 'the Otter Creek bridge ; that he turned his horse up to the 'watering cistern near Ralph Paige's shed, and jumped from 'his wagon, and, while loosening the check-rein, to enable 'his horse to drink, some person stepped up behind him, 'and gave him a violent blow with a heavy stick over 'his head and shoulders, and the person thus striking 'him, immediately turned and ran, and, it being too dark 'for the defendant to discern distinctly who the person was, 'the defendant ran after him, and took hold of him, just as 'he was opening the door of Paige & Munger's store, when

RUTLAND,
February,
1841.
───────
Paige
v.
Smith.

'both fell forward together into the store, at which time the
'defendant discovered it was the plaintiff, who had thus
'struck him.

'And the defendant will further show and give in evi-
'dence, that, while he was gone to West Rutland, as afore-
'said, the plaintiff was lying in wait for him, with a large
'stick or cudgel in his hand, and was lurking by the side of
'the fences, and under the said Otter Creek bridge, and that
'as defendant drove over said bridge, one or two other per-
'sons were passing the bridge at the same time; whereupon
'the plaintiff immediately ran to the store, or shed, of
'Paige & Munger, and waited till the defendant stopped
'at the watering trough, as aforesaid, when he stepped up,
'secretly, and gave the defendant a severe blow, as afore-
'said, whereupon the defendant pursued him, in the manner
'aforesaid, and this is the supposed assault and battery
'whereof the plaintiff hath complained against the defen-
'dant.'

Issue was joined to the country.

On the trial in the county court, the plaintiff introduced
testimony tending to prove the issue on his part. The de-
fendant introduced testimony tending to prove the facts set
forth in his notice, that the plaintiff committed the first as-
sault, and that the assault and battery committed by the de-
fendant, was in self defence.

The counsel for the plaintiff requested the court to charge
the jury, that, under the plea and notice, if the plaintiff had
offered testimony proving an assault and battery, he was en-
titled to recover. But the court decided that the plea and
notice, were equivalent to a plea of *son assault demense;* and
if the jury found the facts set forth in such notice, proved,
and that the defendant did no more than was necessary to
defend himself against the assault, in the plea alleged, they
should return a verdict for defendant.

The jury retured a verdict for the defendant, and the
plaintiff excepted.

*E. N. Briggs and R. R. Thrall,* for plaintiff.

We think that the evidence, to show that the plaintiff
committed the first assault, was not admissible under the
pleadings in the case.

It will not be claimed that the evidence was admissible under the general issue.

Was it admissible under the notice ?

The statute, authorizing special matter to be given in evidence, under the general issue, was intended to dispense with the formality and prolixity of special pleading; but it has always been held that the notice must contain the *substance* of a good plea in bar, and be a sufficient answer to the matter proved by plaintiff, or evidence cannot be given under it. *Fullerton* v. *Mack*, 2 Aik. 416. *Bowdish* v. *Peckham*, 1 Chip. Rep. 144. *Barney* v. *Goff and Cady*, Id. 304.

The facts, set up in the notice, were they specially pleaded, would not make a good plea of *son assault demesne*.

This plea must contain averments or allegations—

1. That plaintiff made the first assault;

2. That defendant's acts were in necessary and unavoidable self-defence;

3. That if any injury happened to plaintiff, the same was occasioned by plaintiff, and in necessary defence of the defendant;

4. That the trespasses are the same as those complained of. In these particulars, the notice is deficient. 2 Vt. R. 477. 8 Term. 299. 3 Ch. Pl. 1069, forms and notes.

*S. Foot*, for defendant.

The jury having found the facts set forth in the notice, to be true, and that the defendant did no more than was necessary to defend himself against the assault of the plaintiff, there seems to be little left for the consideration of the court. The special matters set forth in the notice are such as would be proper to be given in evidence under a plea of *son assault demesne,* and are equivalent to such plea. It was the right and the duty of the defendant to pursue the plaintiff, both with a view to identify him with certainty, and to disarm him of his weapons, in doing which, the jury have found that he did not transcend the limits of necessary self-defence.

The opinion of the court was delivered by

ROYCE, J.—The only question reserved for the considera-

tion of this court, arises upon the charge of the judge. He was requested, by the plaintiff, to instruct the jury, that if the assault and battery, alleged in the declaration, had been proved, the plaintiff was entitle to a verdict. This necessarily implied that proof of the several matters, contained in the defendant's notice, could only affect the amount of damages to be given.

As the statute, instead of leaving every matter of justification or excuse, to be pleaded specially, has expressly provided that a written notice of facts, relied upon in defence, may accompany the general issue, it follows that if the evidence given under such notice, establishes a legal defence, the issue must be found for the defendant, although, in the outset, the plaintiff may have fully made out his cause of action. We have, therefore, only to consider the sufficiency of the matters stated in the notice, which we are now to understand were fully proved at the trial. If they constituted an entire defence to the action, the plaintiff's request was correctly overruled ; if not, that request should have been complied with.

The notice sets forth a chain of facts with needless particularity, besides including several which are wholly immaterial. But we think, nevertheless, that a valid defence, in the nature of *son assault demesne*, appears in the notice. If the plaintiff was lying in wait to execute his threats of personal violence to the defendant,—and actually inflicted upon him a severe blow, at the time, and in the manner stated, the defendant had a right to pursue and lay hold of him, as well to ascertain the assailant as to protect himself against further injury.

The notice contains no express offer to prove that the plaintiff committed the first assault, or that the defendant used no unnecessary force ; and if it was deemed defective, on either of these grounds, there was a proper time for raising the objection. At present, we have only to inquire whether these defects, (if they are such) were supplied by the evidence on trial. As to the first, we consider that the circumstances, as stated, conclusively imply that the plaintiff commenced the assault ; and, consequently, that proof of that fact must have appeared in the evidence given. In reference to the second, the jury were charged, that if the de-

fendant had·proved the facts contained in his notice, and if they should find that he used no more force than was necessary to protect himself against the plaintiff, they ought to return a verdict in his favor. They must have understood, that, without proof of this last fact, they were to find for the plaintiff. The verdict for the defendant has, therefore, established every fact essential to a good defence, and upon testimony not objected to at the time it was given.

RUTLAND, <br> *February,* <br> 1841.

Judgment of county court affirmed.